Hamida v. Garland

BIA
A076 134 193

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

MOUMOUNI HAMIDA,
> *Petitioner,*

v.                                        20-290
                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Moumouni Hamida, pro se, New York, NY.

FOR RESPONDENT:        Jeffrey Bossert Clark, Acting Assistant Attorney General; Derek C. Julius, Assistant Director;

Anthony O. Pottinger, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Moumouni Hamida, a native and citizen of Niger, seeks review of a December 31, 2019, decision of the BIA, denying his motion to reopen his removal proceedings. *In re Moumouni Hamida,* No. A076 134 193 (B.I.A. Dec. 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

While we review the BIA's denial of a motion to reopen for abuse of discretion, we review the agency's findings of fact regarding changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Hamida asserted both that he feared political persecution in Niger and that he and his U.S. citizen children would be unable to access required medical treatment in that country.

It is undisputed that Hamida's 2019 motion was time barred because he filed it more than 17 years after his removal order became final in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limit does not apply if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), the BIA did not err in finding that Hamida failed to establish a material change in conditions in Niger.

Hamida's motion emphasizes both his and his U.S. citizen children's medical conditions and the political conditions in Niger. But Hamida's and his U.S. citizen children's medical conditions are changes in personal circumstances that occurred in the United States and do not excuse the applicable time limitation. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). And while a letter from Hamida's cousin states that political conditions in Niger are dangerous and that the healthcare available in the country is inadequate, the letter does not establish that such conditions constitute a change from the time of Hamida's 1999

3

hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Accordingly, because the BIA reasonably concluded that Hamida failed to demonstrate a material change in conditions in Niger, it did not abuse its discretion in denying his motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

We lack jurisdiction to review the BIA's decision insofar as it declined to reopen Hamida's removal proceedings sua sponte. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4